## No. 11,860.

### MRS. L. E. HODGES ET ALS. VS. BENJAMIN ORY ET ALS.

#### ON MOTION TO DISMISS.

The party against whom judgment has been rendered can not appeal if he has acquiesced in the judgment.

This does not apply to the party in whose favor an obligation is admitted in a suit

The defendant made admissions without plaintiff's consent.

If there was a confession of judgment it was made without plaintiff's consent and they, therefore, have the right to appeal from the judgment.

#### ON THE MERITS.

Even when the contract for compensation for the professional services of the attorney is not enforced, he will be entitled to recover from his client sums expended for his benefit by the attorney.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Kernan & Wall* and *W. S. Parkerson* for Plaintiffs, Appellants.

*Benjamin Ory* for Defendants, Appellees.

Motion to dismiss June 10, 1895.

Argued and submitted on merits November 18, 1895.

Opinion handed down on motion to dismiss June 17, 1895.

Opinion handed down on merits December 2, 1895.

Rehearing refused January 20, 1896.

#### ON MOTION TO DISMISS.

The opinion of the court was delivered by

BREAUX, J. The plaintiffs sued for an immovable worth ten thousand dollars, or in default thereof for its value.

They allege substantially that in February, 1892, one of the defendants undertook and agreed to clear and perfect their title to their property for a contingent fee equal to 33 1-3 per cent. of the value of the property.

That in violation of his contract this defendant acquired the property in his own name from the State of Louisiana.

That subsequently the property was conveyed to Cole and by Cole to Dowers.

They pray for judgment decreeing that these conveyances are with-out effect, and commanding Dowers to convey the property to them, or, in the alternative, for a personal judgment against Benjamin Ory (with whom they contracted) for the value of the property, viz. : ten thousand dollars.

The defendant in his answer admits that he entered into a contract with plaintiffs to recover the property in question for their account, and to that end to bring needful suits to have several sales revoked and canceled.

His narrative of facts shows that in order to protect his rights and those of his clients when he purchased the property from the State he had the title made to James D. Cole after having himself paid the price.

That subseqently, at his instance, it was transferred to David J. Dowers, from whom he required a counter letter.

In the name of the latter a suit was brought to recover possession of the property.

Lastly, the property was sold by Dowers to Lavedan, who also signed a counter letter.

Respondent alleges that the conveyances were for account of the plaintiffs; that this suit was brought against him without any demand on the part of the plaintiffs or any inquiry regarding their title.

That plaintiffs have notified him that they considered their con-tract revoked and canceled, and that he is in consequence relieved from any further responsibility.

He, moreover, alleges that he has faithfully complied with his contract, and that under the contract he has expended the following amounts :

First—The sum of two hundred and seventy-five dollars, price paid to the State.

Second—To W. J. Delano, who held same rights as adjudicatee at one time of the property, one hundred and fifty dollars.

Third—The city taxes of 1891, forty-three dollars and five cents.

Fourth—State taxes of 1893, twenty-three dollars and thirty-five cents.

Fifth—Costs of court, six dollars and sixty cents.

Sixth—Sheriff's costs, six dollars; to which he is entitled as well

as to a judgment for fees on a *quantum meruit* for professional services.

Cole and Dowers have answered plaintiff's petition and disclaim that they have any interest in the property.

The judge of the District Court pronounced judgment for the plaintiffs on the principal demand, and decreed that the different purchases, before stated by us, were made for the account of the plaintiffs, and that they are the owners of the property.

On defendant's reconventional demand, he pronounced judgment in his favor against plaintiffs for the sum of fifteen hundred and four dollars and five cents, with interest from date of judgment, with a privilege on the property to secure the amount.

From this judgment the plaintiffs appeal.

In this court, as grounds to dismiss this appeal, the appellee alleges:

That the judgment on the principal demand was rendered on the admissions and confessions of judgments of the defendants and appellees, and that the judgment rendered in favor of defendants and appellees on the reconventional demand is only for fifteen hundred dollars.

That plaintiffs and appellants have acquiesced in the judgment in their favor by claiming the benefits derived from the suit and the judgment in their favor.

That there is no controversy between the plaintiffs and the defendants.

We think that an appeal should never be denied, unless it is manifest that the judgment is not one from which an appeal lies.

The provisions of the law regarding confessions of judgment or acquiescence are, that the party against whom judgment has been rendered can not appeal, if he·has acquiesced in the judgment. C. P. 567.

We do not understand that plaintiffs and appellants have acquiesced in the judgment. The defendants have made admissions. It nowhere appears that they were accepted by plaintiffs; in other words, that a confession by defendants was entered, with the consent of plaintiffs. The suit was contested from the first, and while it may be true that, prior to judgment, plaintiff claimed certain benefits, obtained by services on the part of the defendant Ory,

these are not tantamount to acquiescence, preventing plaintiffs from prosecuting their appeal.

. The motion to dismiss is denied.

## ON THE MERITS.

The opinion of the court was delivered by

MILLER, J. The plaintiffs, heirs of William G. Hodges, sue to be decreed owners of a square of ground alleged to be held by defend-·ant Dowers. The answer of defendant Ory is that the property was the subject of an agreement between himself and plaintiffs, by which he was to free it from tax titles and recover it for plaintiffs for a stipulated compensation; that he caused it to be redeemed from the. State in the name of Cole, who transferred to Dowers; that there being judgment against Dowers it was transferred to Lavedan; that taking title in these names was to prevent complications that might arise from the death of any of the numerous plaintiffs, and to pro-tect respondent's interest under his contract; that counter letters were taken from Dowers and Lavedan, recognizing that the prop-erty had been purchased by Ory as agent for plaintiffs, and placed in the names of Dowers and Lavedan for purposes of convenience; the answer avers respondent's good faith, and that he has been, at all times, willing to recognize plaintiffs' ownership; the answer further avers that his contract was for one-third of the value of the property as compensation for his services, that he is entitled to fair compensation under a *quantum meruit*, the plaintiffs having can-celed his contract; and averring he had made disbursements for plaintiffs' benefit, claims judgment against them for a fee of 10 per cent. and for the amounts claimed to be expended by him. The other defendants answer, disclaiming title, and that the property had been purchased by Ory for plaintiffs and for convenience placed in the respondents' names. There was judgment recognizing plain-tiffs' title in favor of defendant Ory on his reconventional demand and plaintiffs appeal.

The defendant Ory's contract was in February, 1892. The property had been acquired in 1869 by W. G. Hodges, whose widow and heirs sue. There had been a sale in 1875 under a drainage tax to Delano; then a sale by him to Van Norden in 1885, and there had been a sale for State taxes under the Act of 1884, to Reinhart Martin. These were the two tax titles mentioned in Ory's contract, which he under-

took to cancel.   Besides, in 1890, Martin had sold to Delano.  At the date of the contract neither Martin or Delano, his vendee, had completed the title under the Act of 1884 by payment of the taxes accrued subsequent to 1880.   Act No. 82 of 1884, 5th Sec.; Martinez vs. Tax Collector, 42 An. 677; Remick vs. Lang, 47 An. 914; Blood vs. Negrotto, 47 An. 1132.   Thus in 1892 there stood between plaintiffs and the property acquired in 1869, the drainage tax sale to Delano, the sale by him to Van Norden, the incompleted tax sale under the Act of 1884 to Martin, and besides the property had been adjudicated to the State under the Act No. 80 of 1888.   In this condition Mr. Ory purchased from the State in the name of Dowers.   Not willing to rely on this purchase he obtained in July, 1893, a quit-claim deed from Van Norden.   He began proceedings for possession of the property, which were enjoined by Delano, and nothing further was done.   The purchases from the State and from Van Norden in the name of his clerk, and the suit for possession, appear to be all defendant ever did under his contract to recover the property for the plaintiff.

From 1892, when defendant undertook the business for the plaintiffs, to 1894, there was no communication from him to them.   His explanation is that plaintiffs were told at the outset he could not impose on himself the burden of correspondence.   Finally, in 1894, plaintiffs, residing in another State, becoming anxious, requested their friend here to call on defendant for information as to their property he had engaged to recover.   To the application of that friend, defendant's clerk, also a defendant in this case, answered in substance that defendant had concluded there was no chance of recovery.   At that time the property stood in the name of the clerk, under plaintiffs' purchase from the State.   There is no contradiction of this statement of the clerk to plaintiffs' agent, but defendant Ory claims he is not bound by it.   After this, there were letters from plaintiffs expressing their surprise at the announcement of no hope of recovery of their property coming abruptly, with no explanation, and being the only communication they had had in the two years since their interests had been placed in defendant's hands.   They demanded the return of their power under which defendant had undertaken their business and employed other counsel.

In defendant's answer there is the avowal of his readiness at all times to acknowledge the plaintiffs' title, and he avers the suit was

brought without notice. But the fact remains he had given plaintiffs neither information or explanation of their business and of the situation he had placed their property. They had the statement of his clerk there was no chance of getting the property, and they found it standing in his name on the records. This suit for the recognition of their title, thus put by their agent in his clerk's name, was the natural result. The judgment of the lower court was in plaintiffs' favor for the property and against them on the reconventional demand for defendant's fee and disbursements.

The defendant claims the plaintiffs were benefited by his purchases of their property, preventing the completion of the tax title under the Act of 1884. If the defendant had purchased in his principal's name, the basis of his claim for compensation would be more appreciable. He claims he put the property in his clerk's name for convenience, because of the possibility of the death of some of plaintiffs. We can not see the force of the reason. Death would not have endangered or destroyed plaintiff's title, and there was no protection or advantage to them by putting their property in the clerk's name. The defendant had counter letters acknowledging the property had been bought by him as plaintiffs' agent, but these letters not put on the record, had no effect to secure plaintiffs. The interposition of Cole, Dowers and Lavedan, to stand on the records as owners of plaintiffs' property, subjected plaintiffs to the risks of mortgages or alienations by the recorded owner, as well as to seizures. The defendant had no right to thus deal with his principal's property. The purchase should have been in his principal's name. He had made a contract to receive for his services a portion of the property. He reached the conclusion his contract was illegal. This, he gives as a reason for · purchasing his principal's property in the name of his clerk. We find no occasion to deal with the question as to the legality of his contract. No such objection came from his clients. If he was not satisfied with his contract, he should have brought the matter to the notice of his clients. Contract or no contract, the law protected him in his right to compensation for any services he might render. We can not recognize the right of an attorney to put in his own, or in the name of another, the property of the client the attorney is employed to recover, and to allow the defendant's fee in this case would be that recognition. The record, in our opinion, affords no basis for compen-

sation to defendant, least of all, for cash to be paid by plaintiffs on the theory they have been benefited in respect to the property. Defendant was engaged to recover, but made no advance in the line of his employment except that if advance it can be called, shown by the record, and sufficiently discussed. But we think the defendant should be allowed the money paid by him in the purchases from the State and Van Norden, and all taxes he paid, amounting to five hundred and four dollars and five cents, as we gather from the record.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed in so far as it allows the defendant the sum of one thousand five hundred and four dollars and five cents, and in lieu thereof it is now ordered, adjudged and decreed that defendant recover from plaintiff five hundred and four dollars and five cents, and in other respects it be affirmed with costs.